1   JONATHAN J. BOUSTANI (SBN 274748)
    Jonathan.Boustani@btlaw.com
2   **BARNES & THORNBURG LLP**
    2029 Century Park East, Suite 300
3   Los Angeles, CA 90067
    Telephone:  310-284-3880
4   Facsimile:    310-284-3894

5   Edward Sean Griggs (*pro hac vice*)
    sean.griggs@btlaw.com
6   **BARNES & THORNBURG LLP**
    11 South Meridian Street
7   Indianapolis, IN 46204
    Telephone:  317-231-7793
8   Facsimile:    317-231-7433

9   Alexander Bandza (*pro hac vice*)
    ABandza@btlaw.com
10  **BARNES & THORNBURG LLP**
    One N. Wacker Drive, Suite 4400
11  Chicago, IL 60606-2833
    Telephone: 312-214-5633
12  Facsimile: 312-759-5646

13  Attorneys for Defendants ARDAGH GLASS INC.;
14  ARDAGH GROUP S.A.

15              **UNITED STATES DISTRICT COURT**

16            **EASTERN DISTRICT OF CALIFORNIA**

17  SAN JOAQUIN RAPTOR/WILDLIFE          Case No. 1:22-cv-00595-AWI-SKO
    RESCUE CENTER a non-profit
18  corporation, CENTRAL VALLEY          **STIPULATED PROTECTIVE ORDER**
    SAFE ENVIRONMENT NETWORK,            **REGARDING CONFIDENTIALITY OF**
19  a non-profit association, and        **DISCOVERY MATERIAL**
    PROTECT OUR WATER, a non-profit
20  association,
21                                       **(Doc. 18)**

22              Plaintiffs,

23          v.

24

25  ARDAGH GLASS INC., a corporation
    and ARDAGH GROUP S.A., a
26  corporation,

27              Defendants.

28

_____
                STIPULATED PROTECTIVE ORDER

WHEREAS, pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure, and Local Rule 141.1, Plaintiffs San Joaquin Raptor/Wildlife Rescue Center ("SWR/WRC"), Central Valley Safe Environment Network ("CVSEN"), and Protect Our Water ("POW") (collectively, "Plaintiffs"), and Defendants Ardagh Glass Inc. and Ardagh Group S.A. (collectively, "Defendants") (Plaintiffs and Defendants collectively referred to hereinafter as the "Parties" or each individually as "Party"), agree that it is appropriate to limit the disclosure of certain confidential information produced in the course of discovery in this action;

WHEREAS, there is a good cause for entry of this Stipulated Protective Order;

NOW THEREFORE the Parties, by and through their respective counsel of record, hereby stipulate, subject to the Court's approval, as follows:

# I.   INTRODUCTION

## A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section XII.C, *infra*, that this Order does not entitle them to file confidential information under seal. Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file materials under seal.

## B. GOOD CAUSE STATEMENT

Plaintiffs have brought this action for declaratory and injunctive relief, alleging, *inter alia*, that Defendants have failed to meet certain requirements for their facility

located at 24441 Avenue 12, Madera, California 93637 (the "Facility") in violation of its Title V Permit and the Clean Air Act, 42 U.S.C. sections 7604(a) and 7604(f).

i.     Confidential Designations

Defendants anticipate that discovery in this matter may involve disclosure of commercially sensitive documents unavailable to the public. Such documents may include confidential, proprietary, or private information regarding operations, systems, processes, product formulations, manufacturing line specifications and related product production information and technology utilized at the Facility, as well as trade secrets, financial information, proprietary research, and commercial information that may implicate the privacy rights or competitive interests of third parties. For example, the issues in the instant litigation related to operational processes and associated equipment and emissions at the Facility which are unique to Defendants. Given the unique nature of its manufacturing processes, and the competitive benefit from maintaining the confidentiality of such proprietary activities and processes, Defendants seek to protect against public disclosure of this information. To protect from the irreparable harm resulting from the disclosure of such material, these types of commercial records may be properly designated confidential.

Plaintiffs further anticipate that Defendants may seek confidential member or financial information, which may implicate the privacy rights of Plaintiffs and Plaintiffs' members. Without waiving Plaintiffs' right to object to the production of these materials, these types of records may be properly designated confidential to protect from the irreparable harm resulting from the disclosure of such material.

ii.    Highly Confidential Designations

Defendants further anticipate that discovery may involve disclosure of sensitive documents that may cause substantial and concrete injury if disclosed to the public. This information includes all physical and information security measures at the Facility, and information related to the storage and use of hazardous chemicals including chemicals covered by the "Chemical Facility Anti-Terrorism Standards Program." 6 U.S.C. §§ 621

*et seq.* Without waiving Defendants' right to object to the production of these materials, the Parties agree that such information may warrant heightened confidentiality in this case.

### iii.   Intent of the Parties

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable use of such material in preparation for trial, to address the handling of such materials at the end of this litigation, and to serve the ends of justice, a protective order is justified in this matter. Because the issues of the litigation are germane to proprietary activities and processes at the Facility, a private agreement between the parties is insufficient to ensure the confidentiality for information exchanged in discovery and settlement discussions. This point is emphasized by the fact that certain disclosed information may well be utilized at trial or otherwise introduced into the court record. Information will not be designated as confidential for tactical reasons. No materials will be designated confidential without a good faith belief that such material has been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

## II.   DEFINITIONS

"Action" means *San Joaquin Raptor/Wildlife Rescue Center, et al. v. Ardagh Glass Inc.*, E.D. Cal. Case No. 1:22-cv-00595-AWI-SKO.

"Challenging Party" means a Party or Non-Party that challenges the designation applied to any Disclosure or Discovery Material under this Order.

"CONFIDENTIAL" is a designation that may be applied to any Disclosure or Discovery Material to denote that it is Confidential Information. Information designated as "CONFIDENTIAL" may be used and communicated only as provided in this Protective Order.

"Confidential Information" is any Disclosure or Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Confidential Information must be marked with the "CONFIDENTIAL" designation according to the terms of this Order.

"Counsel" means Outside Counsel of Record and In-House Counsel as well as the support staff of each.

"Designating Party" means any Party or any Non-Party from whom discovery is sought in this action and who invokes the protections of this Order.

"Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated by any Designating Party in disclosures or responses to discovery or subpoenas in this matter.

"Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or counsel to serve as an expert witness or as a non-testifying consultant in this Action.

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" is a designation that may be applied to any Disclosure or Discovery Material to denote that it is Highly Confidential Information. Information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be used and communicated only as provided in this Protective Order.

"Highly Confidential Information" is any Disclosure or Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c), and for which a separate and detailed showing has been made above in the Good Cause Statement. Highly Confidential Information must be marked with the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation according to the terms of this Order.

"In-House Counsel" means an attorney who is an employee of a Party and whose responsibilities consist of performing legal services for such Party.

"Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

"Outside Counsel" means outside counsel of record for each Party who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including all attorneys, staff, and clerical and support personnel.

"Party" means any Party to this Action, including all directors, officers, managers, managing entities, consultants, partners, members, or employees (or the functional equivalent).

"Producing Party" means any Party or Non-Party that produces Disclosure or Discovery Material in this Action.

"Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

"Privilege" or "Privileged" refers to the attorney-client privilege, attorney work-product doctrine, or any other claim of privilege to justify withholding otherwise discoverable information.

"Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

"Public Records Request" means a request for documents or information made pursuant to the California Public Records Act (Government Code § 6250, et seq.) or the Freedom of Information Act (5 U.S.C. § 552).

"Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

### III.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party, including, but not limited, through a Public Records Request or from a public agency through other means. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

### IV.   **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action with prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

/ /

/ /

/ /

STIPULATED PROTECTIVE ORDER

## V.   DESIGNATING PROTECTED MATERIAL

### A. EXERCISE OF RESTRAINT AND CARE

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited (with the exception of third-party designations, as noted below). Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that were designated for protection do not qualify for protection, such Designating Party must promptly notify all other Parties of the withdrawal of the inapplicable designation.

### B. MANNER AND TIMING

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

i.   For Information in Documentary Form

Information in documentary form such as paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings, the Producing Party must affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL legend") to each page that contains

protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    ii.    <u>For Testimony Given in Depositions</u>

The Designating Party must identify the Disclosure or Discovery Material and all protected testimony on the record as either Confidential or Highly Confidential before the close of the deposition. Alternatively, counsel for any Party or Non-Party, or the deponent may elect to take ten (10) days to designate the portions of the deponent's transcript that qualify as either Confidential or Highly Confidential by transcript page and line number. Until the expiration of this ten-day period the transcript shall be treated as Highly Confidential. Such designation shall be communicated in writing to all Parties.

    iii.    <u>Other Information</u>

For information produced in some form other than documentary (such as a DVD containing documents) and for other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

## C. **<u>DESIGNATING NON-PARTY DOCUMENTS</u>**

A Non-Party producing Disclosures or Discovery Materials may designate Confidential Information or Highly Confidential Information pursuant to the procedures in Section V.A of the Stipulation and Order

Additionally, within ten (10) days of a Non-Party's production of any Disclosure or Discovery Material, any Party may designate such Disclosure or Discovery Material as Confidential or Highly Confidential if, in the good faith opinion of that Party, the Disclosure or Discovery Material contains that Party's Confidential or Highly Confidential Information. The designation must be in writing, and provided to all

STIPULATED PROTECTIVE ORDER

Parties as well as to the Non-Party that produced the Disclosure or Discovery Material. All Disclosure or Discovery Material produced by a Non-Party, with the exception of Disclosure or Discovery Material produced by a public agency under the circumstances described below, shall be treated as Confidential Information for a period of ten (10) days following the date of production. The provisions of this Paragraph do not apply to any Disclosure or Discovery Material produced by a public agency where either: (1) Defendants have been provided advance notice of said production by the public agency and an opportunity to designate the production or portions thereof as Confidential; or (2) the production is made by the public agency pursuant to a Public Records Request.

## D. INADVERTENT FAILURE TO DESIGNATE

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If feasible, the Designating Party shall promptly provide a copy of any Disclosure or Discovery Material with the proper designation to counsel for the Receiving Party, upon receipt of which the Receiving Party shall promptly return or destroy all copies with the incorrect designation.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A. TIMING OF CHALLENGES

Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed, and that is consistent with the Court's Scheduling Order.

## B. <u>MEET AND CONFER AND JUDICIAL INTERVENTION</u>

The Challenging Party shall initiate the dispute resolution process under Local Rule 251 and this Paragraph. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge ("Notice of Objections"). To avoid ambiguity as to whether a challenge has been made, the Notice of Objections must recite that the challenge to confidentiality is being made in accordance with the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within ten (10) days of the date of service of Notice of Objections. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 251 within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within twenty-one (21) days (or fourteen (14) days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. To the extent that there is a

conflict between Local Rule 251 and Section VI.B of this document, Local Rule 251 shall control.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIALS

### A. BASIC PRINCIPLES

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIII below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### B. DISCLOSURE OF CONFIDENTIAL INFORMATION

Unless otherwise ordered by the Court or permitted in writing by the Designating party, a Receiving Party may disclose any Confidential Information only to:

(1) the Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(2) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(3) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

(4) the Court and its personnel;

(5) court reporters and their staff;

(6) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

(7) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(8) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:

    (a) they have signed Exhibit A; and

    (b) they will not be permitted to keep any confidential information, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(9) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**C. DISCLOSURE OF HIGHLY CONFIDENTIAL INFORMATION**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Highly Confidential Information only to:

(1) the Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(2) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A, provided that such Experts are not

current employees of a competitor of the Designating Party;

(3) the Court and its personnel;

(4) court reporters and their staff;

(5) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

(6) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(7) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:

    (a) they have signed Exhibit A; and

    (b) they will not be permitted to keep any confidential information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(8) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

## D. REQUESTS FOR ADDITIONAL DISCLOSURE

If any Party or Counsel desires to disclose Protected Material to any person other than those otherwise permitted access to such information under the terms of this Protective Order, such Party or Counsel must obtain written consent of the Designating Party or the Court authorizing such disclosure. Except as expressly agreed in writing by the Designating Party or ordered by the Court or as disclosed pursuant to Paragraphs VII.B-C, each person to whom the Protected Material is to be disclosed under this provision must execute Exhibit A.

## E. NO EFFECT ON PARTY'S OWN USE

A Designating Party's designation of information as Protected Material shall not

affect that Party's own right to use any information so designated.

## VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Materials in this Action, that Party must:

(1) promptly notify in writing the Designating Party and provide a copy of the subpoena or court order;

(2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order and provide a copy of this Order; and

(3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of that Party's confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX.  NON-PARTY'S PROTECTED MATERIAL

The terms of this Order are applicable to Protected Materials produced by a Non-Party in this Action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in the Party's possession, and the Party is subject

to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

> (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

> (2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

> (3) make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this Court within fourteen(14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of the Non-Party's Protected Material.

## X.   <u>UNAUTHORIZED DISCLOSURE</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

> (1) notify in writing the Designating Party of the unauthorized disclosures;

> (2) use best efforts to retrieve all unauthorized copies of the Protected Material;

> (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

> (4) request such person or persons to execute Exhibit A.

## XI.   INADVERTENT PRODUCTION

In the event that any Disclosure or Discovery Material containing or constituting privileged attorney-client communications or protected by the attorney work product or other applicable doctrine is inadvertently produced, the producing Party and/or Non-Party shall notify the Receiving Party promptly after it is discovered that such material was inadvertently produced for inspection or provided. Upon receipt of such notification the Receiving Party shall promptly return to counsel for the disclosing Party any and all copies of such Disclosure or Discovery Material and thereafter refrain from any use whatsoever, in this case or otherwise. Nothing herein shall prevent the Receiving Party from contending that any such Disclosure or Discovery Material was not inadvertently produced, that privilege was waived for reasons other than the mere inadvertent production thereof, or that the privilege does not properly apply.

## XII.   MISCELLANEOUS

### A. RIGHT TO FURTHER RELIEF

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### B. NO ADMISSION OF CONFIDENTIALITY

Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

(1) operate as an admission by any person that any particular Disclosure or Discovery Material marked Confidential or Highly Confidential contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial, or personal information; or

(2) prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

    a) to seek a determination by the Court of whether any particular Protected Material should be subject to protection as Confidential or Highly Confidential under the terms of this Stipulation and Protective Order; or

b) to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any Disclosure or Discovery Material.

## C. **RIGHT TO ASSERT OTHER OBJECTIONS**

By **stipulating to the entry of this Order, no Party waives any right to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any** right to object on any ground to use in evidence any of the material covered by this Order.

## D. **FILING PROTECTED MATERIAL**

Pursuant to this Protective Order, Parties must seek to file Protected Material under seal. A Party that seeks to file under seal any Protected Material must comply with Local Rules 141 and 141.1 and any Standing Order in this action. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIII. **FINAL DISPOSITION**

Within sixty (60) days after the termination of this litigation (as defined in Section IV, *supra*) and the expiration of the time for appeal, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that confirms compliance with the terms of this Section. Notwithstanding this provision, Counsel and the Parties are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV.

## XIV.  **PENALTIES**

Any willful violation of this Order may be punished by contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

## XV.  **COMMITMENTS PRIOR TO COURT ENTRY**

To avoid delays in responding to discovery, the Parties agree to the terms of this Stipulation and Order apply upon execution by both Parties.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

Dated:  February 14, 2023 **BARNES & THORNBURG LLP**

By: /s/ *Jonathan J. Boustani*
JONATHAN J. BOUSTANI
Attorneys for Defendants ARDAGH
GLASS INC.; ARDAGH GROUP
S.A.

Dated:  February 13, 2023 **AQUA TERRA AERIS LAW GROUP**

By: /s/ *Matthew C. Maclear*
MATTHEW C. MACLEAR
ERICA A. MAHARG
Attorneys for Plaintiffs SAN
JOAQUIN RAPTOR/WILDLIFE
RESCUE CENTER; CENTRAL
VALLEY SAFE ENVIRONMENT
NETWORK; PROTECT OUR
WATER

## **ATTESTATION**

I hereby attest that the other signatories listed, on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  February 14, 2023

**BARNES & THORNBURG LLP**

By: /s/ *Jonathan J. Boustani*
JONATHAN J. BOUSTANI
Attorneys for Defendants ARDAGH
GLASS INC.; ARDAGH GROUP
S.A.

## **ORDER**

The parties' foregoing Stipulated Protective Order (Doc. 18) is hereby approved.

IT IS SO ORDERED.

Dated:   **February 17, 2023**         /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury under the laws of the United States and California that I have read in its entirety and understand the Stipulated Protective Order Regarding the Confidentiality Discovery Material (the "Order") that was issued by the United States District Court for the Eastern District of California in the matter entitled *San Joaquin Raptor/Wildlife Rescue Center, et al. v. Ardagh Glass Inc.*, E.D. Cal. Case No. 1:22-cv-00595-AWI-SKO.

I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print full name] of _____ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____